IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH M. STAPLES, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, et al., | : | NO. 06-5659 |
| Respondents. | : | |

REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution at Houtzdale, in Pennsylvania. For the reasons which follow, it is recommended that the petition be denied and dismissed.

I.      PROCEDURAL HISTORY

On September 15, 1989, in front of Judge Keeler of the Delaware County Court of Common Pleas, petitioner plead guilty to involuntary deviant sexual intercourse. Petitioner was sentenced to a term of five (5) to twenty (20) years imprisonment.

Following the expiration of petitioner's five year minimum sentence, petitioner was originally paroled on October 18, 1994. Petitioner was then recommitted and reparoled on four more occasions up to and including petitioner's last parole release on August 12, 2003. Petitioner was subsequently recommitted. Petitioner was denied parole on February 10, 2005, October 25, 2005, and most recently on October 23, 2006.

1

Petitioner filed the instant Petition for Writ of Habeas Corpus on November 20, 2006, alleging the following claims:

1.      Petitioner's parole denial was arbitrary and capricious and violates petitioner's due process rights; and

2.      Petitioner's rights were violated when the parole board denied petitioner's parole in retaliation for petitioner filing grievances against prison medical staff.

Respondents retort that petitioner's claims are meritless and must be dismissed as such.  We agree that petitioner's claims are without merit, and hereafter discuss the merits of petitioner's claims.

II.     EXHAUSTION

Generally, before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999).  A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989).  In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies.  O'Sullivan, 526 U.S. at 845.

However, the Third Circuit has held that where a petitioner claims a constitutional violation in the denial of parole, other than based on the *ex post facto* clause, petitioner need not present the claim to the state courts in order to satisfy the exhaustion requirement.  Defoy v.

2

McCullough, 393 F.3d 439 (3d Cir.2005), *cert. denied*, 125 S.Ct. 2970 (2005).  Therefore, this court will review petitioner's unexhausted claims on the merits.

II.     DISCUSSION OF MERITS

Petitioner's first claim asserts that petitioner was denied his due process rights because the parole board's decision to deny petitioner's parole was arbitrary and capricious. Petitioner alleges that the board acted in violation of petitioner's due process rights.  Petitioner argues that he was denied parole because petitioner refused to take responsibility for his offenses, but petitioner claims petitioner has in fact shown remorse and acceptance of responsibility for petitioner's crimes.  Furthermore, petitioner claims he was denied parole because of mental illness that does not exist.

The Due Process clause applies when the government denies a person liberty or property.  The denial of parole, by itself, does not constitute a procedural due process violation because, "there is no constitutional or inherent right to be conditionally released before the expiration of a valid sentence."  Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979).  There is no federal liberty interest in parole release.  *See* Greenholtz, 442 U.S. 1; Burkett v. Love, 89 F.3d 135, 139 (3d Cir.1996).

A parole denial, however, can not be based on unconstitutionally impermissible grounds.  Burkett, 89 F.3d at 139-140.  The board's decision to deny parole can not be based on factors that bear no rational relationship to the interests of the Commonwealth.  Id. (*citing* Block v. Potter, 631 F.2d 236 (3d Cir.1980)).  "Essentially, the duty of the parole board when reviewing applications for parole is to act in a manner that avoids making the parole process arbitrary, even though the granting of parole is a discretionary matter under § 331.2 of the Pennsylvania Parole

3

Act."  Hargrove v. Pennsylvania Board of Probation and Parole, Civ. No 99-1910, 1999 WL

817722, *7 (E.D.Pa. Oct. 12, 1999).  Federal courts, however, "are not authorized by the due

process clause to second-guess parole boards and the requirements of substantive due process are

met if there is some basis for the challenged decision."  Coady v. Vaughn, 251 F.3d 480, 487 (3d

Cir.2001).

        In the instant case, there is nothing in the record to support the claim that the

board based the parole denial on unconstitutionally impermissible grounds.  In petitioner's most

recent parole denial, on October 23, 2006, the board listed the reasons for the denial as follows:

(1)      Petitioner's minimization/denial of the nature and circumstances of the
offenses committed;

(2)      Petitioner's refusal to accept responsibility fo the offenses committed;

(3)      Petitioner's lack of remorse for the offenses committed;

(4)      The negative recommendation made by the Pennsylvania Department of
Corrections;

(5)      Petitioner's prior history of supervision failures;

(6)      Petitioner's unacceptable compliance with prescribed institutional
programs;

(7)      Petitioner's need to participate in and complete additional institutional
programs; and

(8)      Petitioner's interview with the hearing examiner and/or board member.

        Petitioner's February 10, 2005 and October 25, 2005, parole denials also

included as reasons:

(1)      Petitioner's institutional behavior, including reported misconduct; and

> (2)     Reports, evaluations and assessments concerning petitioner's mental and
> behavior condition and history that reflects ongoing risk to the community.

The 2005 decisions further noted that at petitioner's next review the board would consider

whether petitioner had completed a treatment program for sex offenders, maintained a clear

conduct record, maintained a favorable recommendation for parole from the department of

corrections, and petitioner's efforts to secure an approved home plan.

As previously stated, Pennsylvania law grants the parole board a large measure of

discretion in parole decisions.  Permissible considerations include the conduct of the inmate

when in prison and his physical, mental and behavioral condition and history.  The parole board

set forth the reasons for its denials and those reasons were well within the board's discretion.

The parole board reasons included petitioner's minimization/denial of the nature and

circumstance of the offenses committed, and petitioner's refusal to accept responsibility fo the

offenses committed.  Petitioner claims that he took responsibility for petitioner's offense.

However, petitioner has given this court no evidence to support his claim.

Petitioner also claims that the parole board fabricated a report stating petitioner

had committed a class I misconduct.  However, the parole denial report only states petitioner's

"misconduct" as a reason for denying petitioner's parole, and says nothing about the class of that

misconduct.

Finally, petitioner claims that the parole board used mental illness as a reason for

denying parole, but the petitioner does not have a mental illness.  Our review shows that the

parole board's stated reason included reports, evaluations and assessments concerning

petitioner's mental and behavioral condition and history that reflect ongoing risk to the

community.  The parole board did not mention mental illness of petitioner.  Petitioner did not

provide any evidence that the parole board used a mental illness in its reason for denying parole.

We can not find that the parole board's reasons were arbitrary reasons not in the

best interests of petitioner, or, not rationally related to the legitimate interests of the

Commonwealth.  We therefore find that the parole board's denial did not result in a violation of

petitioner's substantive due process.  Thus, we dismiss the habeas petition as to this claim.

Petitioner's second claim is that the parole board is retaliating against petitioner

for filing a grievance against a nurse in the prison.  Petitioner provides no evidence as to this

claim.  The parole board does not mention petitioner's grievance in the parole denial report.

Petitioner has failed to prove that the parole board even considered petitioner's grievance in the

denial of parole.  Thus, we must dismiss the habeas petition as to this claim and in its entirety.

Therefore, I make the following:

<u>RECOMMENDATION</u>

AND NOW, this _____ day of July, 2007, IT IS RESPECTFULLY

RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED AND DISMISSED.

It is also RECOMMENDED that a certificate of appealability not be granted.


BY THE COURT:


 /S LINDA K. CARACAPPA_____
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE